ALBERT KAZANGIAN, PLAINTIFF *v.* NICHOLAS F. BRADY, ET AL., DEFENDANTS

Court No. 90-04-00206

(Dated March 9, 1992)

*Albert Kazangian, pro se.*
*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, (*Bruce N. Stratvert*), United States Department of Justice, Civil Division; *Judith L. Altman*, United States Customs Service, of counsel, for defendants.

## OPINION

RESTANI, *Judge:* This matter is before the court on defendant's motion for summary judgment following remand. In its previous decision in this matter, *Kazangian v. Brady*, 15 CIT 488, Slip Op. 91-87 (Sept. 18, 1991) the court upheld the determination of the Secretary of the Treasury with regard to various aspects of this customs broker's license revocation proceeding. The court, however, remanded this matter for the taking of further evidence on Charge I, involving fraud.

As directed by the court, the administrative law judge considered two documents submitted by plaintiff, as well as rebuttal evidence presented by the government. The administrative law judge indicated that she considered this evidence along with all the other evidence pertaining to Charge I. Her final decision was that a preponderance of the evidence supported the fraud charge.[1] Based on the findings on Charge I, as well as on the findings on the charges which were not the subject of remand, the secretary revoked plaintiff's license.

Charge I alleges a violation of 19 U.S.C. §1641(d)(1)(F) and 19 C.F.R. §111.53(f). It is a violation of these provisions if a broker:

> has in the course of its customs business, with intent to defraud, in any manner wilfully and knowingly deceived, [or] misled * * * any client * * *

19 U.S.C. §1641(d)(1)(F) (1988). The essence of the fraud allegation is that plaintiff paid duties to customs on behalf of a client at very low

---

[1] Plaintiff does not challenge the preponderance of the evidence standard and the Supreme Court has approved its use in similar proceedings. *See Steadman v. S.E.C.*, 450 U.S. 91, 102 (1981).

rates, charged his client at a flat twenty percent rate, and misled the client about what he was doing. The discrepancy in the billing is not disputed. Rather plaintiff's defense is that he had an agreement with one of his client's employees, Edward V. Albert, to reconcile the account at a later time. On remand defendant submitted an affidavit by Mr. Albert indicating he had no knowledge of customs matters and that he had no agreement with Mr. Kazangian. The client's customs attorney corroborates Mr. Albert's statement as to Mr. Albert's lack of responsibility for customs matters, and indicates in his own affidavit that he had advised the client that the twenty percent duty be paid.

The first of the letters that was newly considered on remand is dated October 30, 1985. It is signed by Mr. Albert and it states:

> As per our conversation of Tuesday, October 29, 1985, please do not take any actions to clear our incoming vinyl products through customs at reduced or duty-free rates without first consulting with me.

Plaintiff argues that this letter indicates Mr. Albert was responsible for customs matters and was therefore in a position to make an agreement with plaintiff. The administrative law judge credits the affidavit of Mr. Albert wherein he states that he was simply the warehouse manager and that he signed the October 30 letter at the direction of his superiors. In fact the judge finds the letter contradictory of any agreement that would have permitted entry of the merchandise at less than twenty percent duty.

The second letter that was considered on remand was a letter to the client of April 15, 1986, from Mr. Kazangian. In the letter Mr. Kazangian indicates that the client should cease payment on the remainder of his 1985 invoices because Customs approved some entries at 6.1 percent. The administrative law judge does not find the letter exculpating. She indicates that the letter does not reveal that some merchandise was entered at lower rates or duty-free, and that Mr. Kazangian did not repay the client as he indicated he would in the letter.

It is clear that Mr. Kazangian was not acting towards his client in the manner which is expected of a fiduciary. What is less clear is whether fraud is involved. This decision, however, is one which requires the weighing of evidence and judgments as to credibility. The trier of fact has made those judgments, and they are judgments which may be reached by a reasonable mind and which are supported by substantial evidence. Accordingly, the court upholds the factual determination of fraud.

The Secretary's decision to revoke plaintiff's license based on the violation of regulations relating to the conduct of brokers is not an abuse of discretion. The penalty of revocation is among those which the Secretary may impose. *See* 19 U.S.C. §1641(d)(1); 19 C.F.R. §111.53. The numerous irregularities in the conduct of plaintiff's business and the finding of fraud support the decision to revoke the license.